## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02392-CMA-MJW

PFIZER INC.,
PFIZER PHARMACEUTICALS, LLC,
PFIZER IRELAND PHARMACEUTICALS,
PFIZER LIMITED, and
C.P. PHARMACEUTICALS INTERNATIONAL C.V.,

     Plaintiffs,

v.

SANDOZ INC.,

     Defendant.

---

SANDOZ INC.,

     Counterclaim Plaintiff,

v.

PFIZER INC.,
PFIZER PHARMACEUTICALS, LLC,
PFIZER IRELAND PHARMACEUTICALS,
PFIZER LIMITED,
C.P. PHARMACEUTICALS INTERNATIONAL C.V.,
WARNER-LAMBERT COMPANY, and
WARNER-LAMBERT COMPANY LLC,

     Counterclaim Defendants.

---

## STIPULATED PROTECTIVE ORDER ( Docket No 38-2)

     WHEREAS, discovery in the above-entitled action ("Action") may involve the

disclosure of certain documents, things and information in the possession, custody or

control of a party that constitute or contain trade secrets or other confidential research,

development or commercial information within the meaning of Rule 26(c) of the Federal

Rules of Civil Procedure ("Fed. R. Civ. P.") and as further set forth below;

WHEREAS, the parties, through counsel, stipulate to the entry of this Protective

Order to prevent unnecessary dissemination or disclosure of such confidential

information; and

WHEREAS, the parties, through counsel, stipulate that good cause exists for the

entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against

improper disclosure or use of confidential information produced or disclosed in this

case.

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL

AND ORDER OF THE COURT, as follows:

1.     **Scope of Protective Order.**  This Protective Order shall apply to all

information, documents and things produced or within the scope of discovery in this

Action, including, without limitation, all testimony adduced at depositions, documents or

things produced in response to requests for the production of documents and things,

answers to interrogatories, responses to requests for admission and all other discovery

taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial

transcripts, matters in evidence and any other information furnished, directly or

indirectly, by or on behalf of any party to this Action or any THIRD PARTY to the extent

such material is designated "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL INFORMATION" in accordance with this Protective Order.

Case 1:09-cv-02392-CMA-MJW  Document 38-2   Filed 12/23/2009   USDC Colorado   Page 3 of 31

2.      **Definitions.**  The terms "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" and "THIRD PARTY" or "THIRD PARTIES," as used herein, shall mean the following:

(a)      "CONFIDENTIAL INFORMATION" means information, in any form, relating to confidential research, development, financial, commercial marketing or business information, trade secrets, know-how, or proprietary data relating to research, development, financial, commercial, marketing, business, or other technical or non-technical subject matter within the meaning of Fed. R. Civ. P. 26(c)(1).  The designation of "CONFIDENTIAL INFORMATION" by the producing party constitutes the representation of that party that it reasonably and in good faith believes that the designated material constitutes, contains, reveals, relates to, or reflects its trade secrets or other research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c).

(b)      "HIGHLY CONFIDENTIAL INFORMATION" means CONFIDENTIAL INFORMATION that is of such a sensitive nature that it supports a reasonable good faith belief that granting access to such information to an employee or officer of a competitor or an opposing party will place the producing party at a competitive disadvantage.  As between the parties to this Action, the categories of documents and information which may be designated HIGHLY CONFIDENTIAL shall include, but not be limited to:

(i)      Non-public financial, regulatory, research and development and marketing information, but only to the extent that such information

3

remains non-public consistent with the provisions of Paragraph 23;

(ii)     Non-public patent applications; and

(iii)    Information produced by a THIRD PARTY, that has in good

faith, and consistent with the meaning of HIGHLY CONFIDENTIAL

INFORMATION as set forth above, designated the information as HIGHLY

CONFIDENTIAL.

The parties to this action may not designate information as HIGHLY

CONFIDENTIAL, or maintain such designation, if such information: (1) becomes

publicly known consistent with the provisions of Paragraph 24; or (2) does not satisfy

the definition of HIGHLY CONFIDENTIAL information set forth above.

(c)     "THIRD PARTY" or "THIRD PARTIES" shall mean any party who is

not a named party in this Action, except that a THIRD PARTY or THIRD

PARTIES shall not include the following past or present entities of any of the

parties: parent corporations, wholly owned or partly owned subsidiaries,

subsidiaries of subsidiaries, divisions and affiliates, the predecessors or

successors of any of the foregoing.

3.     **THIRD PARTIES under the Protective Order.**  If a THIRD PARTY

provides discovery to any party in connection with this Action, and if the THIRD PARTY

so elects, then the provisions of this Protective Order shall apply to such discovery and

the parties will treat all information that is produced by such THIRD PARTY and

designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION in accordance with the terms of this Protective Order.  Under such

4

circumstances, the THIRD PARTY shall have the same rights and obligations under this Protective Order as held by the parties to this Action.

    4.    **Marking Documents and Things.**  The parties and any THIRD PARTIES shall label or mark documents and things that constitute or contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," respectively, or otherwise designate the materials as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY and subject to the Protective Order. Except as provided below, at least the first page of each document and each thing that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" when the document or thing is produced to the party or parties seeking discovery.  Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.  Each page of each document and each thing produced pursuant to discovery in this Action shall bear a unique identifying number.

    Documents and things produced without a legend designating the material confidential shall not be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL in accordance with the provision of paragraph 8 of this Protective Order.

Inspection of documents or things by any party shall be conducted by persons eligible under paragraph 15 below. Such persons shall initially treat all information obtained during or from any inspection as containing HIGHLY CONFIDENTIAL INFORMATION until such time as copies of documents or things from the inspection are produced, and, thereafter, such produced documents and things shall be treated in accordance with the confidentiality designation appearing on the document or thing at the time of its production.

5. **Marking Interrogatories, Requests for Admission and Testimony.** Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions (or any portion of any of the foregoing) that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend · "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the party providing the response or testimony on the first page of that document near the caption as well as on each page to provide notice that the document contains CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. Any response or testimony within the document that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked on the page(s) upon which it appears with the appropriate legend when the response or testimony is served upon the party seeking discovery. Any response not so marked shall not be considered CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. Responses or testimony served without a legend on the first page designating the material confidential shall not

be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the provisions of paragraph 8 of this Protective Order.

6.      **Testimony of Current or Former Corporate Personnel.**  All testimony adduced at depositions or upon oral examination of any director, officer, employees or agent of the parties, whether current or former, and any testimony adduced at depositions or upon oral examination of the parties' consultants or experts, and any transcripts of the foregoing, will be presumptively treated as HIGHLY CONFIDENTIAL INFORMATION for fourteen days after the receipt of the transcript by the party producing the witness for testimony.  Within fourteen days after the receipt of such transcript, the party producing the witness for testimony shall designate passages of said transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL consistent with the terms of this Order.  The provisions of this paragraph shall not prevent persons other than the witness, the court reporter, those individuals specified in paragraphs 14 and/or 15, and counsel for the witness (if a non-party witness) from attending a deposition, subject to the provisions and restrictions imposed at the deposition pursuant to paragraph 7.

7.      **Limitations on Attendance at Depositions.**  Counsel for a producing party may request that all persons other than the witness, the court reporter, those individuals specified in paragraphs 14 and/or 15, and counsel for the witness (if a non-

party witness) leave the deposition room during the portion of the deposition that inquires about or discloses subject matter that counsel for the producing party deems to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. If individuals other than those specified in the previous sentence fail to leave the deposition room during any portion of the deposition that inquires about or discloses what counsel for the producing party believes to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, counsel for the producing party may seek relief from the appropriate Court and, pending resolution of its request for relief, instruct the witness not to answer questions relating to, or limit disclosure of, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at issue.

8.    **Inadvertent Production of CONFIDENTLAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.** If a party inadvertently produces or provides discovery of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without labeling or marking it as provided in this Protective Order, the producing party may give written notice to the receiving party or parties, promptly after learning of the inadvertent production, that the document, thing or other discovery information, response or testimony is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Protective Order. The producing party shall provide copies of the properly marked information (*e.g.*, documents, discovery responses, transcripts, things, and/or all other information within the scope of this Protective Order) along with the written notice. Upon receipt of such notice and properly marked information, the

receiving party or parties shall return or destroy said unmarked or incorrectly marked information to the extent practicable and not retain copies thereof, and shall undertake a best effort to correct any disclosure of such information contrary to the redesignation. Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to persons not authorized to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not be deemed a violation of this Protective Order.

9.    **Limitations on Advice to Clients.** Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this Action and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to unauthorized persons.

10.    **No Expansion of Federal Rules of Civil Procedure.** Nothing in this Protective Order shall be implied to be an implied admission or construed to affect or govern the scope of discovery in this Action, or to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules of Civil Procedure. Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege or the

9

attorney work-product immunity, or other privilege or immunity, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure by the producing party. This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

11.   **Discovery of THIRD PARTY Information.** A producing party may redact the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a THIRD PARTY that is in its possession where the producing party is under an obligation not to disclose such information, provided that the producing party shall identify the THIRD PARTY to the receiving party and shall not impede discovery by the receiving party from said THIRD PARTY.

12.   **Inadvertent Production of Privileged or Work Product Information.**

(a)   If a producing party inadvertently or mistakenly produces information, documents or tangible things in this Action that should have been withheld subject to a claim of attorney-client privilege or work product immunity, or other privilege or immunity, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity for such information. In such an event, promptly after learning of such inadvertent or mistaken production, the producing party shall request, in writing, the return or destruction of all information for which a claim of inadvertent or mistaken production is made.

(b)   Within fourteen (14) days of receiving such a written request from the producing party, the receiving party shall either:

(i)   Confirm the destruction of or return to the producing party any

documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work-product immunity, or other privilege or immunity, and were inadvertently or mistakenly produced, including all copies, summaries of or notes relating to, any such inadvertently or mistakenly produced information; or

        (ii)    If the receiving party disagrees that any such inadvertently produced information is protected from disclosure by the attorney-client privilege, work product immunity or other privilege or immunity from discovery, it may move the Court for an order that such information be produced, in which case it shall confirm the destruction of or return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work-product immunity, or other privilege or immunity, and were inadvertently or mistakenly produced, except for one (1) copy of the inadvertently produced documents or tangible things for use in any such motion, and shall further confirm that any copies of any notes and summaries relating thereto have been isolated and quarantined, except those necessary for the resolution of its motion. The party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

        (c)    Upon resolution of the motion for production under the provisions of this paragraph in favor of the producing party, the retained copy of the information and any notes and summaries relating thereto shall be destroyed, and any retained pleadings or court filings relating to the document shall be quarantined and sealed, to be destroyed at the completion of the Actions.

        (d)    Notwithstanding the above, and recognizing the need for the parties to

prepare for their cases based on the discovery that is produced, if any information, document or tangible thing is used in a court hearing, deposition, as an exhibit to a motion, is referenced in an expert report or pretrial order, or is otherwise used openly in the case, any claim of inadvertent production must be made within fourteen (14) days after such use.

13.   **Use of Designated Materials.**

(a)   Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as described in this Protective Order may be used in testimony at trial, offered into evidence at trial and/or hearings on motions, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this Action, subject to the limitations and restrictions of this Protective Order and any further order regarding confidentiality that the Court may enter.

(b)   Those individuals who receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of another party pursuant to this Order shall not use that CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION for purposes other than this Action, as well as the related actions 09-cv-02457-CMA-MJW (D. Colo.) and 09-CV-00742-JJF (D. Del.) (the three Actions are collectively "these Actions"), such prohibited use including but not limited to, any other legal, regulatory, commercial or business purpose, including the pursuit of intellectual property rights, or in connection with another legal, regulatory, or patent prosecution proceeding in the U.S. or a foreign country.  The CONFIDENTIAL INFORMATION or

12

HIGHLY CONFIDENTIAL INFORMATION of another party cannot be used in any or cited within any citizen's petition or any other submission to FDA or other regulatory bodies, including but not limited to the United States Pharmacopeia, subject to any further order of this Court regarding confidentiality.

(c)    Sandoz believes that because Plaintiffs' counsel is or has been engaged in patent prosecution concerning the subject matter of the patents in suit, additional restrictions preventing those individuals from accessing certain Sandoz information may be required. Pfizer, however, does not agree. The parties agree that any dispute over such restrictions is not yet ripe, absent a specific request for information that raises a concern. The parties agree to continue to discuss this issue in light of specific requests for information that may be made, and to promptly bring any amendment to this order, or disagreement concerning access, to the Court after such discussions. Both parties reserve all rights in this regard.

(d)    This Protective Order governs the use of such material at trial. Such material shall remain confidential at trial, and during any appeals to this Action, and may not be used for any purpose or in any manner other than as permitted by this Protective Order or by further order of the Court. At the request of a producing party, any person(s) not permitted access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under paragraphs 14 or 15 may be barred from attending any portion of trial, any motion hearing, or depositions at which CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is revealed, subject to any further order regarding confidentiality as this Court may enter.

14.     **Access to CONFIDENTIAL INFORMATION.** Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION as described in this Protective Order shall be deemed and treated as CONFIDENTIAL INFORMATION, unless and until the Court rules to the contrary, and access thereto or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to:

(a)     Connolly Bove Lodge & Hutz LLP and Wheeler Trigg O'Donnell LLP, litigation counsel of record for Plaintiffs and Counterclaim Defendants Pfizer Inc., Pfizer Pharmaceuticals, LLC, Pfizer Ireland Pharmaceuticals, Pfizer Limited, and C.P. Pharmaceuticals International C.V. and Counterclaim Defendants Warner-Lambert Company and Warner-Lambert Company LLC (collectively, "Pfizer") and their data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

(b)     Four (4) in-house counsel for Pfizer, and their stenographic or clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

(c)     Morrison & Foerster, LLP, litigation counsel of record for Defendant Counterclaim Plaintiff Sandoz Inc. ("Sandoz"), Morris James LLP, and their respective data entry, information processing, computer support, artist, translating, stenographic, clerical and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL

14

INFORMATION;

     (d)    Four (4) in-house counsel for Sandoz, and their stenographic or clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

     (e)    Outside consultants or experts to Sandoz, regarding any issue in this Action, who are not current or past employees of any of the parties to this litigation or any present divisions, subsidiaries, parents and affiliates of any of the parties to this litigation, and who are not employees of any direct competitor of the parties (including any divisions, subsidiaries, parents and affiliates of a direct competitor), whose advice and consultation are being or will be used by Sandoz in connection with this Action, including their stenographic and clerical personnel;

     (f)    Outside consultants or experts to Pfizer, regarding any issue in this Action, who are not current or past employees of any of the parties to this litigation or any present divisions, subsidiaries, parents and affiliates of any of the parties to this litigation, and who are not employees of any direct competitor of the parties (including any divisions, subsidiaries, parents and affiliates of a direct competitor), whose advice and consultation are being or will be used by Pfizer in connection with this Action, including their stenographic and clerical personnel;

     (g)    Courts before which this Action is pending and their authorized staff court reporters, and the jury;

     (h)    Any interpreter, any typist or transcriber used by the interpreter;

     (i)    Any jury study group for litigation support; and

(j)      Outside copying or exhibit preparation services or Third Party
Vendors.

If counsel wish to disclose CONFIDENTIAL INFORMATION to any of the
persons described in subparagraphs (e), (f), (h), (i), or (j), counsel shall first obtain a
signed Undertaking in the form of the annexed Exhibit A from each such person who
would require access to material designated as CONFIDENTIAL INFORMATION.  In
the case of a jury study group, an accounting firm acting as a consultant or an expert
under subparagraphs (e) or (f), an outside copying service or an exhibit preparation
service, the Undertaking shall be signed by the company, firm or service retained by the
party, and a single Undertaking by the company, firm or service shall be sufficient to
cover all employees or other individuals paid by the study group, firm or organization.
Counsel retaining the persons described in subparagraphs (e), (f) (h), (i), or (j) shall
retain the original of each such signed Undertaking.  Third Party Vendors described in
subparagraph (j) are further subject to the provisions of Paragraph 16 of this Protective
Order.

CONFIDENTIAL INFORMATION shall not be disclosed to any such outside
consultant described in subparagraphs (e), or (f) for a period of fourteen days after
serving the party providing discovery with the Undertaking referred to herein and a
curriculum vitae of the outside consultant.  Service of the Undertaking shall be made by
electronic mail with a confirmation copy by Federal Express or equivalent next-day
delivery.  No service shall be required for a jury study group or interpreter (and their
typist or transcriber).  Counsel for the party providing discovery may, within the fourteen

day period, serve a notice of objection if a reasonable basis for such objection exists.  If the notice is served, the CONFIDENTIAL INFORMATION will not be disclosed to such outside consultant.  If the parties are unable to reach agreement over the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant, counsel for the objecting party may subsequently move the Court for an order denying disclosure of any CONFIDENTIAL INFORMATION to the outside expert or consultant as to which a notice of objection has been served.  If the objecting party files this motion, the CONFIDENTIAL INFORMATION shall not be disclosed to the outside expert or consultant until the Court rules or the parties agree that such disclosure may be made.  Failure to file such a motion shall operate as a waiver of this objection.

The recipient of any CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his/her/its own proprietary information.

15.    **Access to HIGHLY CONFIDENTIAL INFORMATION.**  HIGHLY CONFIDENTIAL INFORMATION shall only be disclosed to the individuals falling within subparagraphs (a), (c), (e), and (f) through (j) of paragraph 14.  The disclosure of HIGHLY CONFIDENTIAL INFORMATION is fully subject to the requirements and limitations set forth in paragraph 14 regarding the disclosure of CONFIDENTIAL INFORMATION.

16.    **Third Party Vendors.**  Counsel may use the services of Third Party

17

Vendors to provide services such as document review, electronic discovery support, computerized legal support, and management services for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearing, trials, pleadings, exhibits marked by any party, briefs and accompanying affidavits and appendices, documents produced by any party, or a party's own attorney work product, all of which may contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Such disclosure shall be made only on the following conditions:

     (a)    Counsel desiring to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to a vendor for the purposes of this paragraph shall first obtain a signed Undertaking in the form of Exhibit A attached hereto, from a representative of the vendor who may receive access to such material. Counsel retaining the vendor shall retain the original of each such signed Undertaking. Service of the Undertaking shall not be required. .

     (b)    The vendor shall return to the party's counsel all copies of transcripts or other documents containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION within ten (10) days of the conclusion of this Action, including any Appeals.

17.    **Disclosure to Other Individuals.** Disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be made to individuals not identified in paragraphs 14 and/or 15, above, provided that:

     (a)    If the parties, including any THIRD PARTIES, wish to provide

access to or disseminate CONFIDENTIAL INFORMATION or HIGHLY
CONFIDENTIAL INFORMATION to any person not otherwise entitled to access
under this Protective Order, the producing party or parties may, without leave of
the Court, agree to allow such access. In the absence of an agreement, any
party may move the Court for an Order that such person be given access thereto.
If the motion is granted, such person may have access to the CONFIDENTIAL
INFORMATION or HIGHLY CONFIDENTIAL INFORMATION after first signing
an Undertaking in the form of Exhibit A attached hereto. Counsel for the moving
party shall retain the original of each such signed Undertaking. Service of the
Undertaking shall not be required.

(b)     CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
INFORMATION of a producing party may also be disclosed to and/or used to
examine, at deposition and at trial (or other court hearing):

(i) an individual who either prepared, received or reviewed the
CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
INFORMATION prior to filing of this Action or previously had
access or knowledge of the CONFIDENTIAL INFORMATION or
HIGHLY CONFIDENTIAL INFORMATION, as demonstrated by the
CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
INFORMATION itself or by foundation testimony elicited during a
deposition or at trial, and/or;

(ii) a currently employed officer, employee or expert of a producing

party.

(c)     A party may disclose or use in any manner or for any purpose, any

information or documents from that party's own files that the party itself has

designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION.

18.     **Disclosures Shall Not Be Used for Other Purposes.**  Material

designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, including all information

derived therefrom, and all copies, summaries, abstracts, excerpts, indices, and

descriptions of such material shall be held in confidence by the receiving party, shall be

used only by persons permitted access to it under this Protective Order, shall not be

disclosed by the receiving party to any party or person not entitled under the terms of

this Protective Order to have access to such material, shall not be used for any purpose

other than in connection with these Actions as defined in paragraph 13, and shall not be

used in any way for research, development, manufacture, patent prosecution, financial,

commercial, marketing, regulatory, business or other competitive purpose.  This

paragraph shall be read together with paragraph 13 to ensure that the disclosures are

used only in connection with the Action and the related actions described in this

paragraph.

19.     **Inadvertent Disclosure.**  If CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION is disclosed or comes into the possession of any

person not authorized to receive such information under this Protective Order, the party

responsible for the disclosure shall: (a) within seven (7) days of the discovery of such

disclosure inform the designating party of all pertinent facts relating to such disclosure, including the identity of the person to whom the inadvertent disclosure was made; and (b) use its best efforts to obtain the prompt return of any such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and to bind such unauthorized person or party to the terms of this Protective Order, including but not limited to informing such unauthorized person or party of all provisions of this Protective Order and requesting that such unauthorized person or party sign the Undertaking in the form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within seven (7) days of its execution by the person or party to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION was disclosed. The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

20. **Filing Under Seal.** If any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is to be filed with the Court in connection with this Action, such material shall be filed under seal in accordance with the Local Rules or practice of the court in which the information is filed and shall be marked in the caption that the material is being filed under seal such as shown below:

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-02392-CMA-MJW

**FILED UNDER SEAL
HIGHLY CONFIDENTIAL INFORMATION**

PFIZER INC.,
PFIZER PHARMACEUTICALS, LLC,
PFIZER IRELAND PHARMACEUTICALS,
PFIZER LIMITED, and
C.P. PHARMACEUTICALS INTERNATIONAL C.V.,

      Plaintiffs,

v.

SANDOZ INC.,

      Defendant.

---

SANDOZ INC.,

      Counterclaim Plaintiff,

v.

PFIZER INC.,
PFIZER PHARMACEUTICALS, LLC,
PFIZER IRELAND PHARMACEUTICALS,
PFIZER LIMITED,
C.P. PHARMACEUTICALS INTERNATIONAL C.V.,
WARNER-LAMBERT COMPANY, and
WARNER-LAMBERT COMPANY LLC,

      Counterclaim Defendants.

---

[Description of Contents]

---

    In addition, any document that is to be filed with the Court and that contains or

discloses CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION shall be marked "FILED UNDER SEAL" on its cover page.  Material

designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION and filed under seal shall be maintained in such manner as provided for

by the Court.

Unless the Court orders otherwise, attendance at a hearing or at a trial session in this Action at which material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be used or disclosed shall be limited to individuals entitled to have access to such materials under the terms of this Protective Order.

21. **Challenging Designations.** The acceptance by any party of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential. Any receiving party may at any time request that the designating party cancel or modify the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation with respect to any document, object or information. Such request shall be made to counsel for the designating party in writing, and shall particularly identify the designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that the receiving party contends is not confidential or not highly confidential and the reasons supporting its contention. If the designating party does not agree to remove the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation within fourteen days, then the party contending that such documents or material are not confidential may request by motion that the Court remove such material from the restrictions of this Protective Order. On such a motion, the party asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION warrants protection under this Protective Order.

22.   **Miscellaneous.**  This Protective Order shall not be construed to prevent any of the parties, or any THIRD PARTY, from applying to the Court for relief or further or additional protective orders, or from agreeing between or among themselves to modifications of this Protective Order, subject to the approval of the Court.  The Protective Order shall not preclude the parties from enforcing their rights against any THIRD PARTY not associated with this Action who is believed to be violating their rights. The personnel set forth in paragraphs 14 and 15 may be increased by unanimous agreement of the parties to this Action without leave of the Court, or upon a showing, subject to the approval of the Court, by either Plaintiffs or Defendants that such modification is necessary.

23.   **Survival of Obligations under Protective Order.**  With respect to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, this Protective Order shall survive the final termination of this Action to the extent the information in such material is not or does not become known to the public and continues to be binding upon all persons to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed hereunder.  Upon final termination of this Action, including all appeals, receiving counsel may retain one copy or sample of all material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION for reference in the event of disputes over the use or disclosure of such material. Counsel may retain all papers filed with the Court, and may retain documents, things, copies and samples to the extent they include or reflect the receiving attorney's work product.

Upon final termination of this Action, including all appeals, however, all other copies and samples of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including all deposition transcripts and production documents, other than trial exhibits or exhibits to papers filed with the Court) and any other summaries, abstracts, excerpts, indices and descriptions of such material and information derived from such material that are recorded in any tangible form, shall be:

> (a) assembled and returned (except for any that may be retained by the Court) to the producing party; or, alternatively,

> (b) counsel for the receiving party may certify in writing the destruction thereof.

Accordingly, upon final termination of this Action, no one other than counsel shall retain any copies or samples of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. As to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION stored in computer databases or backup tapes or disks, the receiving party shall either (1) delete all such CONFIDENTIAL INFORMATION, (2) restrict access to such material with passwords, or (3) designate the information CONFIDENTIAL in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

24.   **Publicly Available Information.**  The restrictions and obligations set forth herein relating to material designated CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION by the parties to this Action shall not apply to any information of the parties which:

(a) the producing or designating party or parties agree(s) should not be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION;

(b) the producing or designating party or parties agree(s), or the Court rules, is already public knowledge;

(c) the producing or designating party or parties agree(s), or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees or agents in violation of this Protective Order; or

(d) the producing or designating party or parties agree(s), or the Court rules, has come or shall come into the receiving party's legitimate knowledge or possession independently of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate any obligation to an opposing party to this Action.

The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

By:___/s Diane J. Hellwig_____
Hugh Q. Gottschalk
Andrew H. Myers
Diane J. Hellwig
WHEELER TRIGG O'DONNELL LLP
1801 California Street, Suite 3600
Denver, CO 80202-2617
Telephone:  (303) 244-1800
Facsimile:  (303) 244-1879
Email:  gottschalk@wtotrial.com
Email:  myers@wtotrial.com
Email:  hellwig@wtotrial.com

Rudolf E. Hutz
Jeffrey B. Bove
Mary W. Bourke
Daniel C. Mulveny
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19801
Tel: (302) 658-9141
Fax: (302) 658-5614
Email:  rhutz@cblh.com
Email:  jbove@cblh.com
Email:  mbourke@cblh.com
Email:  dmulveny@cblh.com

William E. McShane
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
Tel: (202) 572-0335
Email:  bmcshane@cblh.com

*Attorneys for Plaintiffs and Counterclaim
Defendants*

By: _/s Matthew M. D'Amore_____
Scott F. Llewellyn
MORRISON & FOERSTER LLP
5200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
Telephone: (303) 592-2204
Facsimile: (303) 592-1510
SLlewellyn@mofo.com

Matthew M. D'Amore
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
MDamore@mofo.com

David C. Doyle
Brian M. Kramer
MORRISON & FOERSTER LLP
12531 High Bluff Drive #100
San Diego, CA 92130
Telephone: (858) 720-5100
Facsimile: (858) 720-5125
DDoyle@mofo.com
BMKramer@mofo.com

*Attorneys for Defendant and Counterclaim
Plaintiff*

It is SO ORDERED this __4TH__ day of __JANUARY__, ~~2009~~. 2010

_____
UNITED STATES DISTRICT COURT JUDGE

738957_2.DOC

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

28

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02392-CMA-MJW

PFIZER INC.,
PFIZER PHARMACEUTICALS, LLC,
PFIZER IRELAND PHARMACEUTICALS,
PFIZER LIMITED, and
C.P. PHARMACEUTICALS INTERNATIONAL C.V.,

      Plaintiffs,

v.

SANDOZ INC.,

      Defendant.

_____

SANDOZ INC.,

      Counterclaim Plaintiff,

v.

PFIZER INC.,
PFIZER PHARMACEUTICALS, LLC,
PFIZER IRELAND PHARMACEUTICALS,
PFIZER LIMITED,
C.P. PHARMACEUTICALS INTERNATIONAL C.V.,
WARNER-LAMBERT COMPANY, and
WARNER-LAMBERT COMPANY LLC,

_____

## UNDERTAKING OF_____

_____

I, _____, declare under penalty of perjury that:

25.    My present address is

        _____

26.    My present employer is

        _____, and

the address of my present employer is

_____.

27.    My present occupation is

_____.

28.    I have received a copy of the Protective Order in this Action. I have carefully read and understand the provisions of the Protective Order.

29.    I will comply with all of the provisions of the Protective Order and hereby submit to the jurisdiction of the United States District Court for the District of Colorado or the United States District Court for the District of Delaware, whichever is determined to be the proper Court, for the purpose of the enforcement of the Protective Order in this Action. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action, any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items.

30.    I will return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so. I acknowledge that return of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

31.    I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that the parties, or either of them, may assert

other remedies against me.

Dated:_____

_____
Signature

941761v.1